## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: YASMANI F. AGUILAR                                  Case No: 24-21304-SMG
FARIDETH A. MALDONADO,
_____Debtors._____/                  Chapter 13

### OBJECTION TO CLAIM ON SHORTENED NOTICE AND REQUEST FOR SANCTIONS

*IMPORTANT NOTICE TO CREDITOR:  THIS IS AN OBJECTION TO YOUR CLAIM*

***This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. Upon the filing of this objection an expedited hearing on this objection will be scheduled on the date already scheduled for the confirmation hearing in accordance with Local Rule 3007-1(B)(2).***

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1(B)(2), the Debtors object to the following claim filed in this case and seek sanctions against the Claimant:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 35 | Cadles of West Virginia, LLC | $60,074.60 | On December 13, 2024, Claimant prepared and |

timely filed Claim #18, asserting a claim against claim Debtor 1, Yasmani Figueredo Aguilar. In the very first section of the Proof of Claim form (Official Form 410), where Claimant was instructed to "Fill in this information to identify the case:" Claimant filled in the names of both Debtor 1, Yasmani Figueredo Aguilar, and Debtor 2, Farideth Maldonado.  Accordingly, Claimant had actual notice of Farideth Maldonado's, filing of this Chapter 13 Bankruptcy as of December 13, 2024, at the latest.  Claimant then waited another 48 days to file late-filed Claim #35 against Farideth Maldonado.

Before filing this *Objection to Claim on Shortened Notice and Request for Sanctions*, through a series of no less than 14 emails from January 30 to February 13, 2025, undersigned counsel brought to Claimant's attention the fact that its Claim #35 was late-filed and could not be allowed under the Bankruptcy Code, Rules, and attendant case law given Claimant's obvious actual knowledge of the filing of this bankruptcy by Farideth Maldonado in time to timely file a claim.  Undersigned counsel requested that Claimant withdraw Claim #35, and further warned Claimant that its failure to withdraw Claim #35 would result in an objection to the claim and a request for attorney's fees as a sanction for causing Debtors to unnecessarily incur reasonable attorney's fees in the prosecution of the objection.  Undersigned counsel cited to Claimant relevant case law mandating the disallowance of late-filed claims in Chapter 13, and advised that 11 USC 105(a) and the parties' underlying contract support an

award of a reasonable attorney's fees to the Debtors for having to prosecute this objection given the clarity of the law and an absence of any explanation why Claimant should be excused for waiting 48 days to file Claim #35. Claimant did not withdraw Claim #35 by the date requested, unjustifiably necessitating the filing of this objection; and Claimant likewise has not filed any motion to allow late filed claim despite the Chapter 13 Trustee's office having put it on notice of the need to "file a motion you deem appropriate if you are unable to resolve the matter with Debtor's counsel."

An excerpt from undersigned counsel's February 3, 2025 email to Claimant stated:

The case law is absolutely clear in the 11th Circuit. Untimely claims filed by creditors with actual knowledge of the bankruptcy in time to timely file claims are barred.

See *In re Tice*, 2022 WL 532741, at *3 (Bkrtcy.M.D.Ala., 2022):

"Lambert maintains it never received formal or electronic notice of Debtor's bankruptcy filing or the Bar Date from the Court due to the incorrect zip code and/or failure to list a specific attorney at the law firm's address. However, service need not be perfect in order to satisfy due process. Constitutional due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In the bankruptcy context, constitutional due process requires only actual knowledge of an individual debtor's bankruptcy case generally, not formal notice of the bar date itself. *In re Alton*, 837 F.2d 457, 460 (11th Cir. 1988) ("[M]ere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates."); *In re Ford Business Forms, Inc.*, 180 B.R. 294, 295 (Bankr. S.D. Fla. 1994) ("11 U.S.C. § 523(a)(3)(B) requires a creditor in a case involving an individual debtor to file claim by the claims bar date if the creditor has actual knowledge of the case even if the creditor has not received formal notice of the claims bar date."). Thus, mere knowledge of an individual chapter 13 debtor's pending bankruptcy case is sufficient to put a creditor on notice to affirmatively protect its rights by informing itself of applicable deadlines."

See also *Ford Business Forms, Inc. v. Sure Card, Inc.*, 180 B.R. 294, 295–96 (S.D.Fla.,1994)

"Constitutional due process requires only "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In the bankruptcy context, the Eleventh Circuit has held that actual knowledge of the case is sufficient to satisfy constitutional due process requirements. *In re Alton,* 837 F.2d 457 (11th Cir.1988). In *Alton,* the Eleventh Circuit upheld as constitutional section 523(a)(3)(B)

of the Bankruptcy Code. 11 U.S.C. § 523(a)(3)(B) requires a creditor in a case involving an individual debtor to file a claim by the claims bar date if the creditor has actual knowledge of the case even if the creditor has not received formal notice of the claims bar date. Otherwise, the claim is discharged.

It is significant that the Eleventh Circuit held in *Alton* that constitutional due process requires only notice or actual knowledge *of the bankruptcy case generally;* it does not require notice or actual knowledge of the particular bar date for filing claims. **\*296** *Alton,* 837 F.2d at 461 (quoting *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657); *see also In re Sam,* 894 F.2d 778, 781–82 (5th Cir.1990); *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1089 (6th Cir.1990); *In re Coastal Alaska Lines,* 920 F.2d 1428, 1430 (9th Cir.1990); *In re Ray Brooks Machinery Co.,* 113 B.R. 56, 63 (Bankr.M.D.Ala.1989); *In re Haendiges,* 158 B.R. 871, 874 (Bankr.M.D.Fla.1993); 9 **Am.Jur.2d** *Bankruptcy* § 676. Thus, *Alton* stands for the proposition that, in a case involving an individual debtor, mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who fails to file a claim before the bar date, whether or not that creditor received formal notice of the claims bar date.""

[End of email excerpt.]

WHEREFORE, for the foregoing reasons, Debtors respectfully pray that this Court enter an order disallowing Claim #35, awarding undersigned counsel a reasonable attorney's fee of no less than $2,700 to compensate for the more than four hours of time expended and to be expended in the opposition to Claimant's late filed Claim #35, and for such other relief as this Court may deem appropriate.

The undersigned acknowledges that this objection and the notice of hearing for this objection will be served on the Claimant and the Debtor at least 14 days prior to the confirmation hearing date and that a certificate of service conforming to Local Rule 2002-1(F) must be filed with the court when the objection and notice of hearing are served.

DATED: <u>02/18/2025</u>

Submitted By:
<u>/s/ James Schwitalla</u>
James Schwitalla, Esquire
F.B.N. 911488
Attorney for the Debtors
Park Place II
12954 S.W. 133 Court
Miami, Florida 33186
Office (305) 278-0811