## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA,
## FORT LAUDERDALE DIVISION

In re:

YASMANI FIGUEREDO
AGUILAR and FARIDETH
AIMEE MALDONADO,

      Debtors.

Case No.: 24-21304-SMG
Chapter 13

## THE CADLE COMPANY'S VERIFIED
## MOTION TO ALLOW LATE-FILED PROOF OF CLAIM

The Cadle Company, as servicer for Cadles of West Virginia LLC pursuant to Rule 3003(c), Fed.R.Bankr.P. (2025), files *The Cadle Company's Verified Motion to Allow Late-Filed Proof of Claim (the "Motion") and as grounds therefore, states as follows:*

1.    On October 30, 2024, the Debtor, Yasmani Figueredo Aguilar ("Yasmani") and his wife Farideth Aimee Maldonado ("Farideth"), filed a joint petition for relief under Chapter 13 of the United States Bankruptcy Code in the Southern District of Florida, Fort Lauderdale Division, commencing the above-captioned bankruptcy case.[1]

2.    As will be discussed in further detail below, The Cadle Company ("Cadle") is the servicer for Cadles of West Virginia LLC ("Cadles"), which is a prepetition creditor of both Debtors, having become so months before the Debtors filed for bankruptcy when Cadles became the assignee of the two loans

---

[1] [Doc. 1].

originally extended by Primis Bank to the Debtors. Yet, Cadles was not scheduled by the Debtors and therefore never received notice of the Debtors filing for bankruptcy.[2]

3.      The lender/creditor relationship first began when Primis Bank extended the first of two separate loans, one to each of the Debtors. The first to Yasmani on October 21, 2022, in the original principal amount of $40,000.00[3] and a second loan extended to Farideth on October 21, 2022, for $55,000.00.[4]

4.      The loan to Yasmani was assigned to Cadles on June 5, 2024.[5]

5.      Cadles provided notice to Yasmani that it was the holder of the claim (which was by then in default) by correspondence dated August 7, 2024.

6.      The loan from Primis Bank to Farideth was also assigned to Cadles on June 5, 2024.[6]

7.      Cadle, on behalf of Cadles, provided notice to Farideth that Cadles was the holder of the claim against Farideth by various correspondence to her, including one a notice dated August 7, 2024, advising that Cadles was the

---

[2] *Id.* at 57 (omitted from *Mailing Matrix* included with *Petition*); see also Clerk's *Certificate of Notice* dated November 11, 2024, [Doc. 11], and Clerk's *Amended Certificate of Notice* dated December 15, 2024. [Doc. 15].
[3] See Cadle's *Proof of Claim*, Claim No 18, Ex. 1. [Doc. 18-2].
[4] See Cadle's *Proof of Claim*, Claim No. 35, Ex. 1. [Doc. 35-2].
[5] See *Allonge*, Ex. 1. [Doc. 18-2].
[6] See, *Allonge*, Ex. 1. [Doc. 35-2].

2

creditor to which the debt was owed[7] that was emailed to Farideth the following day, well in advance of the bankruptcy filing.[8]

8.    A follow up email was sent to Farideth on September 10, 2024.[9]

9.    So, there is no conceivably justifiable reason that Cadles was not scheduled by the Debtors.

10.    Nevertheless, on October 30, 2024, Debtors filed for bankruptcy relief, omitting Cadles from their schedules.

11.    Not being listed as a creditor, Cadles, after taking an assignment of the debt owed by Yasmani, began to work the file (through Cadle as servicer), including running a credit report which revealed in December of 2024 that Yasmani filed for bankruptcy two months earlier.

12.    Cadle immediately after learning of the bankruptcy case, timely filed the proof of claim on behalf of Cadles with respect to the claim against Yasmani.[10]

13.    It was not until Cadle took up its efforts to collect the debt now assigned to Cadles that Cadle learned on January 20, 2025, via email from the debtor directly that she, Farideth, was also a debtor in bankruptcy.[11]

---

[7] See **Exhibit "A"** attached hereto.
[8] See **Exhibit "B"** attached hereto.
[9] See **Exhibit "C"** attached hereto.
[10] Claim No. 18, filed on December 13, 2024.
[11] See **Exhibit "D"** attached hereto.

14.     Cadle thereafter immediately filed on January 30, 2024, the *Proof of Claim*, Claim No. 35 on behalf of Cadles with respect to the debt owed by Farideth, which was after the January 8, 2025, deadline for non-governmental entities to file a proof of claim.

15.     The reason for the delay is because the Debtors, despite having notice well in advance of the filing of their bankruptcy petition of the fact that Cadles was a creditor and Cadles' mailing address, the Debtors did not schedule Cadles (or Cadle as servicer) and therefore Cadles (or Cadle as servicer) never received notice of Farideth filing for bankruptcy in time for Cadle to file on behalf of Cadles a proof of claim for the debt owed by Farideth.

16.     Therefore, by way of this *Motion*, Cadles requests an order allowing the late filing of Claim No. 35 and for it be deemed timely filed.

## Memorandum of Law

The issue regarding a creditor's ability to late-file a proof of claim often arises in cases where the creditor received notice of the case but for some reason failed to timely file a proof of claim and after the deadline expired, sought permission from the court to allow a late-filed proof of claim because of "excusable neglect" but this case does involve that issue, for apart from that standard being unavailable in Chapter 13 with respect to late-filed proof of claims[12], there was absolutely no neglect on the part of Cadle, let alone neglect

---

[12] See Rule 9006(b)(3)(A), which excludes one from invoking the "excusable neglect" standard provided by Rule 9006(b)(1)(A) those matters governed by Rule 3003(c)

that was excusable. This is because Debtors never properly scheduled Cadle as a creditor and a result, Cadle did not receive notice of this bankruptcy case in time to permit it to timely file the proof of claim with respect to debt owed by Farideth.

As a result of Cadle not receiving sufficient notice, this case is governed by Rule 3003(c)(6) which "authorizes a court to permit an untimely proof of claim if 'the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.'"[13]

In *Mitrano*, the debtor listed the creditor in the schedules, but the address was insufficient because it omitted the street name and not surprisingly, the creditor testified that it never received notice of the debtor's bankruptcy case in time for it to file a claim. *Id.* *1-2.

In this case, Cadle was not listed at all by the Debtors and therefore clearly did not receive either of the notices from the Clerk regarding the filing of this case. The fact that Yasmani advised that he filed for bankruptcy did not put Cadle on notice that his wife, who has a completely different name, and is indebted under a completely separately loan agreement, also filed for bankruptcy.

_____

which governs extending the time to file proofs of claims under various chapters, including Chapter 13. Thus, we are constrained by that provided by Rule 3003.
[13] *In re Mitrano*, 2024 Bankr. LEXIS 2494 (U.S. Bankr. M.D. Fla. 2024).

Although discussed in the context of Chapter 7, the same Rule 3003(c) applies as does the reasoning behind it. "[A]n unsecured creditor who is without notice and actual knowledge of the case is not penalized for tardily filing its proof of claim, as long as the claim is filed in time to permit payment of such claim."[14] There is no confirmed plan in this case, and Debtors recently filed their first amended plan.[15] Thus, there is no prejudice to the Debtors in deeming Claim No. 35 timely filed, which Cadle asks from this Court that it be so ordered.

## Verification

I affirm under penalty of perjury that the facts stated above are true and correct according to my own personal knowledge and belief.

The Cadle Company, as Servicer
for Cadles of West Virginia, LLC

Nina Evans    *Account Officer*

WHEREFORE, Cadle, as servicer for Cadle, by and through undersigned counsel, requests that this Court grant this *Motion* and grant Cadles any further relief this Court deems just and proper.

Dated: February 19, 2025.        **LORIUM LAW**
                                  *Attorneys for The Cadle Company, as*
                                  *Servicer for Cadles of West Virginia, LLC*

---

[14] *In re Sanomedics, Inc.*, 655 B.R. 502, 507 (Bankr. S.D. Fla. 2023).
[15] Doc. 18.

101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile:  (954) 462-4300

By:   */s/ Jason E. Slatkin*
   Jason E. Slatkin
   Florida Bar No. 040370
   jslatkin@loriumlaw.com

## Certificate of Service

I CERTIFY that a true copy of the foregoing has been served via email

through the Court's CM/ECF system to those entitled to service hereof on this

19th day of February 2025.

*/s/ Jason E. Slatkin*
Jason E. Slatkin

5535.521

7