TAGGED OPINION



**ORDERED in the Southern District of Florida on April 10, 2025.**

Scott M. Grossman, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

YASMANI FIGUEREDO AGUILAR and               Case No. 24-21304-SMG
FARIDETH AIMEE MALDONADO,

   Debtors.                                                Chapter 13
_____/

### ORDER GRANTING THE CADLE COMPANY'S VERIFIED MOTION TO ALLOW LATE-FILED PROOF OF CLAIM AND OVERRULING DEBTORS' OBJECTION TO CLAIM

*Is a late-filed proof of claim in a chapter 13 case barred even if a creditor did not receive notice in time to file a timely claim?*

This question has divided and confounded bankruptcy courts for years.[1] To make matters worse, the applicable federal rule of bankruptcy procedure has been

---

[1] *See In re Adams*, 502 B.R. 645, 647 (Bankr. N.D. Ga. 2013) (discussing the split of authority between those cases prohibiting and those cases allowing late-filed claims in a chapter 13 case when the claimant did not receive notice). *Compare In re Bauer*, 660 B.R. 649, 668 (Bankr. N.D. Ohio 2024) (noting that the Code and Rules leave "little to no discretion" for a bankruptcy court to allow a late-filed claim in a chapter 13 case); *Matthews v. Gamboa (In re Gamboa)*, 2020 WL 118591, at *9 (Bankr.

amended multiple times since it was originally promulgated in 2008.[2] With its most recent amendment as part of the federal rules restyling project,[3] that rule is now found in Federal Rule of Bankruptcy Procedure 3002(c)(7) and reads as follows:

> **(7) *Extending the Time to File.*** On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file.

The issue in this case is whether "the notice" referred to in Rule 3002(c)(7) means the actual notice of the time to file a proof of claim that was sent to creditors or just notice in general of the debtors' bankruptcy case filing. For the reasons discussed below – and based on the thorough analysis of *In re: JC Farms, LLC*,[4] which the Court adopts in full – the Court concludes that "the notice" means the actual

---

W.D. Okla. 2020), *aff'd sub nom. Matthews v. Gamboa*, 2021 WL 4302409 (W.D. Okla. 2021); *Matter of Greenig*, 152 F.3d 631, 635-36 (7th Cir. 1998) (bankruptcy court has no equitable power to extend time limits in a Chapter 13 case); *with In re Stacy,* 405 B.R. 872, 877 (Bankr. N.D. Ohio 2009) ("debtors cannot take advantage of procedural deadlines – for example, the time limit for filing proofs of claim imposed by Bankruptcy Rule 3002(c) – to deprive a creditor of its due process right of notice"); *IRS v. Hildebrand,* 245 B.R. 287, 290 (M.D. Tenn. 2000) (holding that due process requires that a creditor without actual or constructive knowledge of the bankruptcy must be allowed to file a tardy claim if the creditor acts promptly after learning of the bankruptcy); *In re Jensen,* 232 B.R. 118, 121 (Bankr. N.D. Ind. 1999) (noting that "[i]f the creditor was never given any notice of the case or the claims bar date, refusing to allow it to participate in a distribution from the estate, when it wishes to do so, would seem to present significant due process concerns"); *In re Smith*, 217 B.R. 567, 568 (Bankr. E.D. Ark. 1998) (allowing late-filed claim where debtor failed to give adequate notice to creditor).

[2] And when it was originally promulgated, it applied only to creditors with a foreign address.

[3] When originally promulgated in 2008, this rule was in subdivision (c)(6) of Rule 3002. As part of the rules restyling project amendments – which were effective December 1, 2024 – this rule is now in subdivision (c)(7). Under the Supreme Court's April 2, 2024 order adopting the 2024 amendments to the Federal Rules of Bankruptcy Procedure, the amended rules took effect on December 1, 2024, and "govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." This case was commenced on October 30, 2024, so the amendments only apply here "insofar as just and practicable." Because the 2024 amendments "are intended to be stylistic only" and did not intend to effectuate any substantive change from the earlier version of the rule, the Court will refer to the rule as now currently numbered – Rule 3002(c)(7).

[4] 2024 WL 3352120 (Bankr. E.D. Mo. 2024). Although *JC Farms* was a chapter 12 case, its analysis applies equally to a chapter 13 case. *See* Fed. R. Bankr. P. 3002(c).

notice of the time to file a proof of claim and not notice in general that a debtor has filed for bankruptcy.

I.   Facts.

Married debtors Yasmani Figueredo Aguilar and Farideth Aimee Maldonado each – separately – borrowed money from Primis Bank on October 21, 2022. Yasmani borrowed $40,000 and Farideth borrowed $55,000. On June 5, 2024, Primis Bank assigned both loans to Cadles of West Virginia LLC ("Cadles WV"). Cadles WV gave Yasmani notice on August 7, 2024, that it was the new holder of the claim against him, which was then in default.

Also on August 7, 2024, The Cadle Company ("Cadle"), on behalf of Cadles WV, notified Farideth that it was trying to collect a debt she originally owed to Primis Bank. An account officer at Cadle then emailed this notice to Farideth on August 8, 2024. On September 10, 2024, the same account officer sent another email to Farideth, seeking to discuss payment arrangements for the debt.

The debtors then filed a joint chapter 13 bankruptcy petition on October 30, 2024.[5] They did not list Cadles WV as a creditor on either their bankruptcy schedules[6] or the list – commonly called the "mailing matrix" – containing the names and addresses for each entity included or to be included on their bankruptcy schedules.[7] They did, however, list both Primis loans on their bankruptcy schedules and included Primis on their mailing matrix.

---

[5] ECF No. 1.
[6] *Id.*; *see also* Fed. R. Bankr. P. 1007(b)(1)(A).
[7] ECF No. 1; *see also* Fed. R. Bankr. P. 1007(a)(1).

The next day, the Clerk of the Court issued a *Notice of Chapter 13 Bankruptcy Case*.[8] That notice – as required by Federal Rule of Bankruptcy Procedure 2002 – gave notice of the time to file a proof of claim under Federal Rule of Bankruptcy Procedure 3002.[9] In this case, that deadline was January 8, 2025.[10] The notice was mailed to Primis on November 2, 2024.[11] No notice of this deadline was sent to Cadles WV or to its servicer, Cadle.

In December 2024, Cadle ran a credit report on Yasmani and learned for the first time about his bankruptcy case. On December 13, 2024, Cadle then filed on behalf of Cadles WV proof of claim number 18-1 in the amount of $42,358.69 with respect to Yasmani's loan from Primis.[12] Although this proof of claim was only for the loan to Yasmani, the proof of claim listed the names of both joint debtors – Yasmani Figueredo Aguilar and Farideth Maldonado – at the top of the proof of claim form. No proof of claim for the Primis loan to Farideth, however, was timely filed by the January 8, 2025 bar date.

On January 20, 2025, the same account officer who had previously communicated with Farideth before she filed for bankruptcy sent her another debt collection email. This time, Farideth responded to the email and informed the account officer that she had filed for bankruptcy. On January 30, 2025 – after the January 8, 2025 claims bar date – Cadle, on behalf of Cadles WV, then filed proof of claim

---

[8] ECF No. 10.
[9] *See* Fed. R. Bankr. P. 2002(f)(1)(D) (when the notice was issued, this provision was in subdivision (f)(3), which has since been redesignated as (f)(1)(D) under the December 1, 2024 amendments).
[10] ECF No. 10.
[11] ECF No. 11.
[12] Proof of Claim No. 18-1.

number 35-1 in the amount of $60,074.60, with respect to the Primis loan to Farideth.[13]

## II. The Objection to Claim and Motion to Allow Late-Filed Claim.

The debtors objected to that claim as untimely.[14] Cadle, as servicer for Cadles WV, responded by filing a verified motion to allow its late-filed claim.[15] The debtors oppose that motion and argue that the claim should be disallowed because Cadles WV had actual notice of Farideth's bankruptcy case. Specifically, they argue that the timely proof of claim filed with respect to Yasmani's debt – which listed both debtors' names on the top of the form – shows that Cadles WV had actual notice of the case.

Cadle argues that because the debtors did not list Cadles WV as a creditor on their bankruptcy schedules or mailing matrix, Cadles WV never received the *Notice of Chapter 13 Bankruptcy Case*, and therefore did not have notice of the deadline to file a claim against Farideth. For this reason, Cadle argues that under Rule 3002(c)(7), the Court should extend the time for that proof of claim to be filed.

## III. Analysis.

As thoroughly analyzed in *JC Farms*,[16] this case turns on whether the term "the notice" in Rule 3002(c)(7) means the actual notice of the deadline to file a proof of claim or just notice in general of the case. If the latter, the Court would then have to determine whether actual knowledge by the Cadle account officer who filed the proof of claim for Yasmani's debt – which listed on the form both Yasmani's and

---

[13] Proof of Claim No. 35-1.
[14] ECF No. 29; *see* 11 U.S.C. § 502(b)(9).
[15] ECF No. 31.
[16] 2024 WL 3352120.

Farideth's names – should be imputed to Cadle or Cadles WV, even if a different account officer assigned to Farideth's debt did not know about the bankruptcy filing. The Court need not answer that question.

Rather, for the reasons discussed in *JC Farms* – which the Court adopts in full – "the notice" referred to in Rule 3002(c)(7) means the notice of the deadline to file a proof of claim and not notice in general of the bankruptcy case. And because Cadles WV did not receive the notice of the deadline to file a proof of claim, the notice was insufficient to give it a reasonable time to file. Accordingly, under Rule 3002(c)(7), the Court will extend Cadles WV's time to file its proof of claim to January 30, 2025.

## IV. Conclusion.

For the foregoing reasons, it is **ORDERED** that:

1. Cadle's motion to allow Cadles WV's late-filed proof of claim is **GRANTED**.

2. The debtors' objection to claim no. 35-1 is **OVERRULED**.

3. Cadles WV's deadline to file its proof of claim against Farideth is **EXTENDED** to January 30, 2025.

4. Claim no. 35-1 is **ALLOWED** as filed.

### # # #

*Copies furnished to all interested parties by the Clerk of Court.*